JOHN W. HUBER, United States Attorney (#7226)
STEWART M. YOUNG, Assistant United States Attorney (#14377)
STEPHEN L. NELSON, Assistant United States Attorney (#9547)
THADDEUS J. MAY, Assistant United States Attorney (#11317)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK AUSTIN, <br><br> Defendant. | Case No. 2:19-CR-93 TC <br><br> NOTICE OF EVIDENCE UNITED STATES INTENDS TO CROSS-EXAMINE DEFENDANT PATRICK AUSTIN PURSUANT TO FED. R. EVID. RULE 609 <br><br> Judge Tena Campbell |

The United States of America, through its undersigned attorneys, gives notice of its intent to cross-examine Defendant Patrick Austin, should he take the stand at trial, related to his previous conviction, under Fed. R. Evid. 609.

Fed. R. Evid. 609(a)(1)(B) states, in relevant part, "The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence: (A) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." For convictions that are later than ten years, the Court is required to engage in a further balancing test. The notes

to subdivision (a) explain that "Probable convictions are not limited to violations of federal law. . . . For evaluation of the crime in terms of seriousness, reference is made to the congressional measurement of felony (subject to imprisonment in excess of one year)." Fed. R. Evid. 609 Note to Subdivision (a).

The United States recognizes that "the admissibility of 609(a)(1) evidence cannot be finally decided in a pretrial hearing", given that the Court is required to "balance the prejudicial effect and probative value of the disputed evidence, a task that can only be performed by reference to the other contextual evidence presented at trial." *United States v. Commanche*, 577 F.3d 1261, 1270 (10th Cir. 2009) (citing *United States v. Mejia-Alarcon*, 995 F.2d 982, 987 n.2 (10th Cir. 1993)). Furthermore, the United States is unsure whether Mr. Austin will be interested in testifying on his behalf at trial, or if he is currently considering offering testimony during his defense case-in-chief. Thus, the United States is providing the requisite notice to Defendant Austin prior to trial, so that Mr. Austin has the opportunity to prepare if he desires to testify on his behalf.

There is one felony conviction at issue that meet the requirements of Fed. R. Evid. 609.

**Federal Felony Possession of Firearm By Restricted Person Conviction – Case No. 2:07-CR-903 –District of Utah, Salt Lake – 4/7/2009**

Should Defendant Patrick Austin choose to exercise his right to testify at trial, the United States provides notice of the following evidence against Mr. Austin relating to his character for truthfulness. On April 7, 2009, Patrick Austin received a sentence of credit for time served, 36 months supervised release from the federal district court. For the purposes of this 609 Notice, the United States does not intend to go into the particulars of this conviction, but will cross-examine Mr. Austin about the existence of the conviction.

The conviction in Case No. 2:07-CR-903 is not as recent as some convictions of Mr. Austin's co-defendants, given that it occurred in 2009, but Mr. Austin committed the instant offense within ten years of this conviction (between October 2018 and February 2019). Additionally, Mr. Austin received a prison sentence of credit for the time that he spent in custody during the pending case (which appears to be from his arrest and detention on his state case in December 2007). The conviction is serious, given that it was a federal felony possession of firearm by a prior felon. Finally, the probative value of the conviction outweighs the prejudicial effect on this defendant. Accordingly, should Mr. Austin elect to testify, the Court should allow limited questioning relating to this conviction under Fed. R. Evid. 609.

Dated this 18th day of May, 2020.

JOHN W. HUBER
United States Attorney
*s/ Stewart M. Young*
STEWART M. YOUNG
STEPHEN L. NELSON
Assistant United States Attorneys
District of Utah